# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

The Village at Blacklick Creek Condominium Association,

    Plaintiff,

Case No. _____

v.

Greater New York Insurance Company,

    Defendant.

## COMPLAINT

Now comes the Plaintiff, The Village at Blacklick Creek Condominium Association, by and through its counsel, and for its Complaint states as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, The Village at Blacklick Creek Condominium Association (hereinafter "Plaintiff" or the "Association"), is a non-profit corporation in the State of Ohio generally located at multiple property addresses including but not limited to 40 Potters Shed Dr., Reynoldsburg, Ohio 43068-5153 (the "Property") in Franklin County, Ohio.

2. Defendant, Greater New York Insurance Company (hereinafter referred to as "Defendant"), is a domestic insurance company and is authorized to and conducting business in the State of Ohio, including Franklin County, Ohio.

3. On or about May 3, 2022 ("the Loss"), a severe weather-related event caused substantial damage to Plaintiff's Property.

4. At all times relevant hereto, Plaintiff maintained a Policy of insurance with Defendant ("the Policy"). (Attached hereto).

5. The Policy provides coverage for, among other things, damage caused by wind and hail.

6. At the time of the Loss, the Policy was in full force and effect.

7. Plaintiff timely submitted an insurance claim and Defendant assigned Claim No. F693XXX-XX to the claim. Defendant also assigned an adjuster to adjust the claim.

8. Plaintiff has complied with all Policy requirements, including but not limited to paying premiums, timely reporting the claim, and cooperating with Defendant's Loss investigation such that Defendant is obligated to perform under the contract — the Policy.

9. Plaintiff contends that the wind and hail storm caused damage which will cost over $1,000,000.00 to repair and that Defendant is obligated to indemnify Plaintiff for these repair costs.

10. Defendant acknowledged that the property is damaged.

11. Defendant contends the cause of damage to the property is age, wear and tear, and deterioration.

12. Defendant contends the amount of Loss caused by the May 3, 2022 wind and hail storm is $0.

13. The Policy contains an appraisal provision which provides that in the event of a dispute over the amount of loss, an appraisal panel may resolve that disputed amount of loss upon one party making a written demand to the other.

14. The parties are unable to agree on the amount of Loss caused by the subject storm.

15. Plaintiff demanded appraisal to resolve the dispute concerning the amount of Loss.

16. Defendant refused to participate in appraisal.

17. The parties have diversity of citizenship and the amount in controversy exceeds $75,000.00 and therefore the U.S. District Court for the Southern District of Ohio has jurisdiction over this matter.

18. The property is located in Franklin County and therefore U.S. District Court for the Southern District of Ohio, Eastern Division is the appropriate venue.

## **COUNT ONE: BREACH OF CONTRACT**

19. Plaintiff hereby incorporates by reference paragraphs one through eighteen as though fully rewritten herein.

20. At all times relevant to this cause, Plaintiff and Defendant were parties to a valid and enforceable contract—the Policy.

21. Plaintiff has performed all necessary requirements under the Policy including but not limited to timely payments of insurance premiums.

22. Defendant has failed and refused to properly adjust the loss and pay insurance proceeds owed to Plaintiff as a result of the damage caused by the May 3, 2022 storm.

23. Defendant has breached the Contract by its failure to properly adjust the loss and pay amounts owed under the Policy.

24. Defendant has also failed to participate in the appraisal process that is mandatory once demanded and has been demanded by Plaintiff.

25. Defendant's failure to participate in the appraisal process is a breach of its obligations under the Policy.

26. As a direct and proximate result of Defendant's breach of the insurance contract, Plaintiff has suffered damages in excess of $1,000,000.00 exclusive of attorney's fees, interest, and costs.

## COUNT TWO: DECLARATORY JUDGEMENT

27. Plaintiff hereby incorporate by reference paragraphs one through twenty-six as though fully rewritten herein.

28. Plaintiff's property sustained damage as a result of the May 3, 2022 storm.

29. The parties fail to agree on the amount of Loss caused by the subject storm.

30. Plaintiff demanded the amount of Loss be determined by an appraisal as provided for in the Policy.

31. Defendant has failed to participate in an appraisal which is mandatory once demanded by either party.

32. Plaintiff is entitled to declaratory judgment establishing the rights of the parties under the written instrument, the policy, and compelling Defendant to participate in an appraisal.

33. Plaintiff is further entitled to a Declaration of its rights to recover payment under the terms of the Policy.

**WHEREFORE**, pursuant to the General Allegations and Counts I and II of the Complaint, Plaintiff prays for an Order requiring the parties to resolve the disputed amount of Loss at appraisal and to stay litigation until after said appraisal issues its award.  Additionally, Plaintiff prays for judgment against Defendant in an amount yet to be determined, but in excess of $1,000,000.00, plus costs expended herein, prejudgment and post judgment interest as well as all other just and appropriate relief to which they may be entitled at law and/or in equity.

Respectfully submitted,

Date: January 12, 2024

*/s/ Anthony A. Remick*
SMITH JADIN JOHNSON, PLLC
Anthony A. Remick
Ohio Bar No.: 100812
Timothy D. Johnson
Ohio Bar No. 98515
7900 Xerxes Avenue, Suite 2020
Bloomington, MN 55431
Telephone: (952) 388-0289
Facsimile: (612) 235-7927
aremick@sjjlawfirm.com
tjohnson@sjjlawfirm.com
**ATTORNEYS FOR PLAINTIFF**