IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| The Village at Blacklick Creek Condominium Association, | |
| Plaintiff, | Case No. 2:24-cv-135 |
| v. | Judge Graham |
| Greater New York Insurance Co., | Magistrate Judge Deavers |
| Defendant. | |

<u>Opinion and Order</u>

Plaintiff The Village at Blacklick Creek Condominium Association is a non-profit corporation representing multiple residential units in The Village at Black Creek. The Village is located at or near Potters Shed Drive in Reynoldsburg, Ohio. According to the complaint, plaintiff held an insurance policy with defendant Greater New York Insurance Company ("GNY").

The complaint alleges that a severe storm on May 3, 2022 caused over $1 million in wind and hail damage to the units at The Village. Plaintiff filed a claim, which GNY investigated and denied on the grounds that the May 3, 2022 weather event was not severe enough to cause the claimed damage. GNY attributed any damage it found in its investigation to preexisting conditions and to normal wear and tear, which the policy excludes from coverage.

Plaintiff later made a demand under an appraisal provision in the policy for an appraisal panel to resolve the disputed claim. GNY rejected that demand. Generally speaking, an appraisal provision (found in policies covering buildings against physical loss or damage) applies when the insured and insurer disagree over the amount of loss, and the parties are then required to select a panel whose decision regarding the amount of loss will be binding upon them. *See* H*ull v. Motorists Ins. Grp.*, 2011-Ohio-2502, ¶¶ 2–3 (Ohio Ct. App.).

Plaintiff initiated suit in this Court, invoking diversity jurisdiction and seeking a declaration that the policy requires GNY to engage in the appraisal process. Plaintiff has filed a motion to compel to that end, which GNY opposes.

Before the Court attempts to resolve the motion to compel, however, it must have the correct policy on the record. Right now it does not. The complaint states that the policy is attached as an exhibit to the complaint, but it isn't. Plaintiff also claims to have attached the policy to the motion to compel, but a review of that policy shows plaintiff is not the named insured and The Village is not among the properties listed in the designation of premises schedule. *See* Doc. 14-3 (policy identifying the named insured as Dietz Management in Troy, Michigan, and listing 11 properties on the schedule, none of which are located in Reynoldsburg or associated with Potters Shed Dive). Moreover, the policy number on the policy attached to the motion does not match the policy number of the policy which GNY says it issued to The Village. *See id.* (Policy Number 1121M19710), and Doc. 15-7 at PAGEID 680 (Policy Number 1134M97973).

The precise language of the applicable appraisal provision is important to the Court's analysis of the issues. *See Rogers v. State Farm Fire & Casualty Co.*, No. 1:24-cv-148, 2024 WL 4476542, at **2–3 (S.D. Ohio Oct. 11, 2024) (discussing variations in the language of appraisal provisions and how they impact which issues are properly sent to an appraisal panel); *Westview Vill. v. State Farm Fire & Cas. Co.*, No. 1:22-CV-0549, 2022 WL 3584263, at *2 (N.D. Ohio Aug. 22, 2022) ("Parties sometimes agree to a policy that prohibits appraisers from answering causation questions when setting the amount of loss.").

Accordingly, plaintiff is ordered to file on the Court's docket, within 10 days, a copy of the policy which it held with GNY to insure the buildings located at The Village at the time of the May 3, 2022 weather event. Failure to do so will result in the denial of the motion to compel without prejudice. If plaintiff complies with this Order, GNY will then have 7 days to confirm or contest the authenticity of the policy filed by plaintiff. Assuming plaintiff files the correct policy, with GNY's confirmation, the Court will then take the motion to compel under advisement.

*s/ James L. Graham*  
JAMES L. GRAHAM  
United States District Judge

DATE: January 21, 2025